IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sarapee Hirankarn,            :
                                         :
               Petitioner    :
                                           :
            v.                    :   No. 376 C.D. 2023
                                           :   Submitted: August 8, 2025
Grittiya Phutlek (Workers'     :
Compensation Appeal Board),   :
                                           :
            Respondent :  

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                   HONORABLE MATTHEW S. WOLF, Judge
                   HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED: October 30, 2025

Sarapee Hirankarn (Employer), proceeding *pro se*, petitions for review of the January 18, 2023 order of the Workers' Compensation Appeal Board (Board) affirming, as modified, a decision of a workers' compensation judge (WCJ) that granted the petition to reinstate compensation benefits (petition to reinstate) filed by Grittiya Phutlek (Claimant) and denied Claimant's penalty petition under the Pennsylvania Workers' Compensation Act (Act).[1] For the reasons that follow, we affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

In February of 2015, Claimant sustained a work-related injury when she fell down several stairs while carrying produce at Employer's restaurant. Claimant's injuries were in the nature of a right wrist ulnar styloid fracture, triangular fibrocartilage complex (TFCC) tear, right hip condition and lumbar radiculopathy. In a November 17, 2017 decision and order, the WCJ granted Claimant's claim petitions against Employer and the Uninsured Employers Guaranty Fund (UEGF) and awarded benefits from April 22, 2015, to April 21, 2016, when her benefits were suspended.[2] Claimant filed a petition for reinstatement of benefits that was granted by the WCJ on April 2, 2020. Therein, the WCJ reinstated Claimant's benefits from May 7, 2019, to October 9, 2019, when they were suspended. The April 2, 2020 determination accepted the following diagnoses from Claimant's work injury: "an unhealed tear of the TFCC . . ., an unhealed, symptomatic broken ulnar styloid, and ulnocarpal abutment syndrome. . . ." WCJ's Opinion, 4/21/2022, Certified Record (C.R.) at No. 15, Procedural History.[3] On September 14, 2020, Claimant filed a penalty petition, alleging that Employer had failed to pay for reasonable and necessary medical treatment. C.R. at No. 2. Thereafter, on October 8, 2020, Claimant filed the instant petition to reinstate, seeking temporary total disability benefits from August 21, 2020, ongoing. C.R. at No. 4.

---

[2] The Board affirmed the WCJ's decision and order. On further appeal, this Court affirmed. *See Hirankarn v. Workers' Compensation Appeal Board (Phutlek and Uninsured Employers Guaranty Fund)* (Pa. Cmwlth., No. 144 C.D. 2019, filed March 17, 2021).

[3] The Board affirmed the WCJ's decision and order. It appears that Employer attempted to appeal the Board's determination to Commonwealth Court by filing a *pro se* communication on November 12, 2021. The matter was later dismissed when Employer failed to file a conforming petition for review. *See* Docket No. 415 XX 2021.

In support of her petitions, Claimant testified on her own behalf. Claimant indicated that Katharine Woozley, M.D. operated on Claimant's right wrist in May of 2019, but her condition worsened. Thereafter, Meredith Osterman, M.D. performed surgeries on Claimant's right wrist on August 21, 2020, and in December 2020. Claimant indicated that she had not resumed work following Dr. Osterman's surgeries and that she could only perform light-duty work. Claimant indicated that she is right hand dominant and that she continued to have "problems with her bones." WCJ's Opinion, Finding of Fact (F.F.) 4a.-c.

Claimant also presented the deposition testimony of Dr. Osterman. Dr. Osterman is board certified in orthopedic surgery with a subspecialty in hand surgery. Dr. Osterman began treating Claimant in May of 2020, almost a year after Dr. Woozley performed surgery on Claimant's wrist. WCJ's Opinion, F.F. 6a. Regarding Claimant's previous right wrist surgery, Dr. Osterman indicated that when Dr. Woozley performed the surgery,

> Claimant had a tear of the TFCC and an ulnar impaction or condition with [two] bones against each other from an injury to the soft tissue stabilizers[.] Dr. Woozley cleaned the tear of the TFCC and reconstructed the injured soft tissue with an ulnar shortening osteotomy of one of the bones and for its separation from the other bone. A large plate was placed along the ulnar shaft for the stabilization of the shortened bone.

*Id.*, F.F. 6b.

At the time Dr. Osterman began treating Claimant, it was her impression that Claimant was suffering from "ulnar wrist pain or pain in the ulnar compartment of the wrist from a laxity or looseness and some irritation of the soft tissue and some soft tissue instability." *Id.*, F.F. 6g. As to the surgeries she

3

performed on Claimant, Dr. Osterman related that during Claimant's August 21, 2020 surgery she

> [r]emoved plates, freed up some scar tissue around the plate, and did an ulnar intrinsic reconstruction. [Dr. Osterman] also stabilized the [distal radioulnar joint (DRUJ)] and freed up some of the inflammation and tendonitis on the palmar aspect of [] Claimant's wrist from the instability of the DRUJ.

*Id.*, F.F. 6c. Furthermore, Dr. Osterman testified that on December 11, 2020, she performed an "EDQM (extensor digiti quinti minimi) realignment . . . ." *Id.* at 6d. Based on Dr. Osterman's most recent evaluation of Claimant in March of 2021, she believed that Claimant did not recover from her work injury and could not work without restrictions. *Id.* at 6i.

In opposition to Claimant's petition to reinstate, UEGF presented the deposition testimony of Dr. Woozley, who is board certified in orthopedics and hand surgery. Dr. Woozley began treating Claimant in December of 2018. Her pre-operative diagnoses of Claimant were "ulnocarpal abutment syndrome, a tear of the TFCC, and a chronic dislocation of the distal radioulnar joint." WCJ's Opinion, F.F. 10a., d. Dr. Woozley testified concerning the May 10, 2019 wrist arthroscopy surgery she performed on Claimant and indicated she last saw Claimant on October 9, 2019. Dr. Woozley believed that at that time, Claimant was fully recovered from her work injury "because [she] had no pain during the examination, the bone was he[a]led, the cartilage stabilized and was healed, [] Claimant had normal motion and neurovascular function, and there [was not] pain on palpation or stress during the examination." *Id.* at 10j. Per Dr. Woozley, "[t]he examination then was normal, [] Claimant healed from the TFCC injury by October 9, 2019, and the ulnocarpal abutment syndrome resolved." *Id.*

4

On December 17, 2020, the WCJ circulated an order granting Claimant's petition to reinstate and denying the penalty petition. C.R. at No. 8. UEGF and Employer appealed. C.R. at Nos. 9, 11. The Board remanded, directing the WCJ to issue a reasoned decision containing findings of fact and conclusions of law. C.R. at No. 13. The WCJ issued the remand decision on April 21, 2022.

The WCJ found Claimant credible with respect to her capability for only light-duty work. The WCJ further found the opinions of Dr. Osterman to be more credible than those of Dr. Woozley. WCJ's Opinion, F.F. 11-12. The WCJ wrote:

> Dr. Osterman is more credible than Dr. Woozley with respect to [] Claimant's lack of recovery from the work injury after 2019 because Dr. Osterman is [] Claimant's current treating orthopedist and saw [] Claimant and operated on her more recently than Dr. Woozley, after Dr. Woozley's last evaluation of Claimant on October 9, 2019 and because Dr. Woozley didn't give "specifics" or "objective data" about [] Claimant's range of motion, grip strength, and comparisons to [] Claimant's contralateral side from the examination on October 9, 2019. Dr. Osterman is more credible than Dr. Woozley with respect to [] Claimant's lack of recovery from the work injury after October 9, 2019 because Dr. Osterman convincingly testified that [] Claimant will likely always have some degree of discomfort on the bas[i]s of [] Claimant's [three] surgeries and lingering injury since 2015.

*Id.* at 12.

Thus, the WCJ granted Claimant's reinstatement petition and reinstated Claimant's total disability benefits as of March 2, 2021. The WCJ also ordered the payment of statutory interest at a rate of 10 percent per annum on deferred amounts of benefits as well as Claimant's litigation expenses. Finally, the WCJ denied Claimant's penalty petition.

5

UEGF and Employer appealed.[4]  Pertinent here Employer, appearing *pro se*, attempted to collaterally attack Claimant's underlying claim petitions. Specifically, Employer argued that Claimant did not fall in his restaurant and that her injuries were not related to her employment.  The Board rejected this argument writing:

> In the previous Decision and Order circulated on November 17, 2017, [the WCJ] found that Claimant sustained her burden of proving that she was injured in the course and scope of her employment on February 17, 2015.  The WCJ granted Claimant's [c]laim [p]etitions against [Employer] and UEGF.  [Employer] appealed and both the Board and Commonwealth Court affirmed the WCJ.  As the issue of whether Claimant sustained a work injury has been previously litigated, we are unable to revisit the issue here.  Upon review, we determine that the WCJ's grant of Claimant's [petition to reinstate] was supported by substantial evidence.

Board's Opinion, at 4 (footnote omitted).

On appeal to this Court,[5] Employer reiterates the argument he presented before the Board; namely, he again challenges the determination that Claimant fell

---

[4] UEGF argued that the WCJ erred in failing to include in the order that UEGF is exempt from paying statutory interest on Claimant's award.  The Board agreed and modified the WCJ's decision accordingly.  *See* Board's Opinion, 1/18/2023, C.R. at 20.  This portion of the Board's ruling is not in dispute, and we need not discuss it further.

[5] This Court's review is limited to determining whether the WCJ's findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated.  *DiLaqua v. City of Philadelphia Fire Department (Workers' Compensation Appeal Board)*, 268 A.3d 1, 4 n.5 (Pa. Cmwlth. 2021).  "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Waldameer Park, Inc. v. Workers' Compensation Appeal Board (Morrison)*, 819 A.2d 164, 168 (Pa. Cmwlth. 2003).

while employed by him and insinuates that Claimant fabricated the incident.[6]  We agree with the Board that Employer is barred from making this argument.

Technical res judicata precludes a future action between the same parties on the same cause of action when a final judgment on the merits already exists.  *Huynh v. Workers' Compensation Appeal Board (Hatfield Quality Meats)*, 924 A.2d 717, 722 (Pa. Cmwlth. 2007).  Relatedly, collateral estoppel forecloses litigation in a later action of issues of law or fact that were actually litigated and necessary to a previous final judgment.  *Id.*

Undoubtedly, the doctrine of collateral estoppel precludes us from addressing Employer's arguments in this case.  In *Hirankarn*, we affirmed the Board's conclusion that the WCJ properly granted Claimant's claim petition, stating:

> In this case, the causal connection between Claimant's work and her injury is obvious:  Claimant fell down the stairs at work while carrying supplies into a storage area, immediately causing her pain.  Claimant further supported her claim with medical records detailing the extent of her injuries and treatment.  The WCJ found Claimant's testimony credible.  Further, the WCJ determined that the medical records Employer provided were not related to the work injury.

*Hirankarn*, slip op. at 6.  Because the issue of the cause of Claimant's work-related injury was actually litigated in Claimant's original claim petition proceeding, the issue cannot be challenged now in the context of her petition to reinstate.

---

[6] By order dated September 15, 2023, Claimant was precluded from participating in this matter due to her failure to file a brief as directed by the Prothonotary.

7

Accordingly, the order of the Board is affirmed.

_____
MICHAEL H. WOJCIK, Judge

Judge Dumas did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Sarapee Hirankarn, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 376 C.D. 2023 |
| | : | |
| Grittiya Phutlek (Workers' Compensation Appeal Board), | : | |
| | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 30<u>th</u> day of <u>October</u>, 2025, the January 18, 2023 order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge